NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL STALLWORTH, | : | Civil Action No. 14-4005 (MAS) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**SHIPP, District Judge**

This matter has come before the Court on two motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, challenging a conviction and sentence imposed by the Honorable Garrett E. Brown, former chief judge of this District, in *United States v. Stallworth*, No. 07-cr-368 ("Crim. Dkt."), ECF No. 28 (D.N.J. filed Nov. 9, 2007), after a jury trial.[1] The Court consolidated the two motions into the instant matter for docket management purposes ("Consolidated Motion"). *See Stallworth v. United States*, No. 09-6174 ("Case No. 09-6174"), ECF No. 27). For the reasons stated below, the Court denies the Consolidated Motion.

**I.  FACTUAL BACKGROUND**

On August 2, 2007, Petitioner was convicted by a jury on a single-count indictment for possession with intent to distribute, and distribution of, crack cocaine. (J., Crim. Dkt., ECF No. 28.) The facts of the underlying crime are relatively simple—Petitioner was caught after attempting to sell crack cocaine to a confidential informant, who recorded the entire transaction.

---

[1] Judge Brown retired in 2012, and the management of the criminal case was reassigned to the undersigned.

*See United States v. Stallworth*, 310 F. App'x 537, 539 (3d Cir. 2009). Based on the guidelines calculation at the time of sentencing, Petitioner's base offense level was determined to be 26, with a criminal history category of V, but due to Petitioner's career offender status, both were enhanced to an offense level of 34 and a criminal history category of VI, resulting in a sentencing range between 262 and 327 months. (*See* Tr. of Sentencing 12:13-14:2, Crim. Dkt., ECF No. 41.) Petitioner was deemed to be a career offender based on three prior convictions of aggravated assault under New Jersey state law for assault of a uniformed officer in a police station, assault of a fellow prisoner in a prison, and involvement in a shooting. (*Id.* at 15:10-16.)

At sentencing, Petitioner argued for a departure or a variance from the guidelines sentence, asserting "first the disparity between crack and powder cocaine, and secondly that his criminal history significantly overstates his actual criminal history and his potential for recidivism." (*Id.* at 12:18-21.) Judge Brown rejected the first argument, accepting the government's position that "the [crack cocaine disparity] is virtually irrelevant in this case because of [Petitioner's] status as a career offender." (*Id.* at 11:1-2.) On the second argument, Judge Brown found that a career offender sentence was more than appropriate because the base offense was "clearly inadequate under the circumstances." (*Id.* at 15:9.) Nevertheless, Judge Brown granted a variance and reduced the offense level to 32 and the criminal history category to V because he found that the guidelines sentence was "more than is necessary." (*Id.* at 16:8-9.) Judge Brown sentenced Petitioner to 195 months of imprisonment, the midpoint of the new guidelines range. (*Id.* at 17:1-3.)

## II. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the

2

court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). Additionally, "[i]t is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11-4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545-46).

### III. DISCUSSION

Petitioner's motion in the original matter asserts five grounds for relief: (1) trial counsel was ineffective for failing to file a pre-trial motion to dismiss the indictment; (2) trial counsel was ineffective for failing to raise a defense against the government's charge of aiding and abetting; (3) trial counsel was ineffective for failing to challenge the credibility of the confidential informant; (4) trial counsel was ineffective for failing to challenge the introduction of evidence that Petitioner was involved with the "Lakewood Bloods"; and (5) trial counsel was ineffective for failing to argue at sentencing the disparity between crack and powder cocaine offenses. (*See* Pet.,

3

Case No. 09-6174, ECF No. 1.) Petitioner's amended motion in the original matter raises two further grounds for relief and cites to *Descamps v. United States*, 133 S. Ct. 2276 (2013), for the proposition that Judge Brown erred in finding Petitioner a career offender based on his prior convictions. (*See* Am. Mot., Case No. 09-6174, ECF No. 19.)

Petitioner's motion in the instant matter reasserts his claims under *Descamps*, and was later amended to include claims under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), however, which held that *Johnson* does not apply to the career offender provision of the Sentencing Guidelines, Petitioner concedes that his *Johnson* claims are no longer viable. (*See* Pet'r's Supp. Br. 2, ECF No. 37.)

A.   **Claims Under *Descamps***

Respondent argues that Petitioner's *Descamps* claims are time-barred. The Court agrees. Petitioner did not raise his challenges to Judge Brown's finding of career offender status until 2014, four and one-half years after he initially filed his first motion. Since federal law requires a petitioner to raise his federal habeas claims within one year after his judgment of conviction becomes final, *see* 28 U.S.C. § 2255(f)(1), Petitioner's 2014 claims would only be timely if they (1) can "relate-back" to the original pleading, *see* Fed. R. Civ. P. 15(c), *Mayle v. Felix*, 545 U.S. 644, 648 (2005) (applying Rule 15(c) to a habeas petition), *Hodges v. United States*, 554 F.3d 372, 377 (3d Cir. 2009) (applying Rule 15(c) to a § 2255 motion); or (2) are raised within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3).

4

"So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664. "*Mayle* forecloses the relation back of a new, untimely claim when it is 'supported by facts that differ in both time and type from those the original pleading set forth.'" *Hodges*, 554 F.3d at 378 (quoting *Mayle*, 545 U.S. at 650). Here, it is clear that Petitioner's initial ineffective assistance claims are wholly unrelated to his amended claims challenging his career offender status. In his argument against a finding of untimeliness, Petitioner does not even address *Mayle*, and instead simply states that his initial motion was timely filed, therefore rendering *all* of his claims timely. (Pet'r's Br. 14-15, ECF No. 18.) That is not the proper analysis for amended claims. Thus, Petitioner cannot benefit from the "relation back" provision of Rule 15(c) to save his 2014 claims.

Because Petitioner raised the 2014 claims within one year after *Descamps* was decided, those claims would be timely if they were based on a right that was initially recognized by the Supreme Court in *Descamps*. Petitioner argues that Judge Brown's determination of career offender status failed the "categorical approach" and the "modified categorical approach" tests announced in *Descamps*. *Descamps*, however, did not announce those tests. As the Supreme Court found, the Court recognized both the categorical approach and the modified categorical approach as early as 1990, in its *Taylor v. United States*, 495 U.S. 575 (1990), decision. *Descamps*, 133 S. Ct. at 2283. Indeed, Petitioner's brief in support of his original motion cites *Taylor*. (*See* Pet'r's Br. 20.) Petitioner's brief also contains numerous citations to cases decided well before *Descamps*, clearly demonstrating that these claims could have, and should have, been raised before.[2] (*See* Pet'r's Br. 23-24.) Moreover, Petitioner cites to no authority holding that *Descamps*

---

[2] *Descamps* dealt with the discrete issue of when a district court is permitted to apply the modified categorical approach and, therefore, rely on certain court documents to determine whether a prior conviction can be used to establish a defendant's career offender status. 133 S. Ct. at 2285-86.

5

was made retroactive to cases on collateral review. *See United States v. Nobles*, No. 07-0029, 2015 WL 1208050, at *1 (E.D. Pa. Mar. 17, 2015) ("Courts that have decided the issue have found that [*Descamps*] is not retroactive." (citing cases)); *Wilcox v. United States*, No. 11-1247, 2015 WL 179542, at *5 (D.N.J. Jan. 14, 2015) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review." (quoting *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014))). Because the 2014 claims cannot relate back to the initial motion and are not based on a right initially recognized and made retroactive by the Supreme Court within one year before they were raised, the Court finds that they are untimely, and relief on those claims is denied.

**B.    Ineffective Assistance of Counsel Claims**

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134

---

Here, Petitioner has not established that Judge Brown applied the modified categorical approach during sentencing, let alone applied it impermissibly, so Petitioner cannot even demonstrate that the central holding of *Descamps* is relevant to the instant matter.

6

S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[3] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

Here, all five of Petitioner's ineffective assistance claims fail to establish his entitlement to relief. First, although Petitioner argues that counsel should have filed a pretrial motion to dismiss the indictment, he has not established that such a motion would have been *successful*. The entire premise of Petitioner's claim is that the indictment was allegedly "unsigned" by the grand jury foreman, and that counsel failed to obtain a transcript of the grand jury proceeding, neither of which relates to the sufficiency of the indictment. Indeed, the issuance of an indictment by a grand jury is conclusive evidence of probable cause to prosecute. *Kaley v. United States*, 134 S. Ct. 1090, 1097 (2014). Notably, a grand jury's singular role is to determine whether probable cause existed. *Id.* "We have found no authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof. . . . The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Id.* at 1097-98. Moreover, Petitioner was later found guilty beyond a reasonable doubt in a jury trial, so even if the indictment was defective, it was harmless error. *See United States v. Mechanik*, 475 U.S.

---

[3] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

7

66, 70 (1986) ("[T]he societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings.").

Petitioner's second argument, relating to an aiding and abetting charge, is also without merit. As the original indictment stated, Petitioner was charged with an offense in violation of both the principal crime and under "Title 18, United States Code, Section 2." (Indictment, Crim. Dkt. ECF No. 1.) Section 2 provides, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2. As such, the indictment sufficiently notified Petitioner of the possibility that he would be tried under an aiding and abetting theory of the crime.

"The law in this area is clear: it is well established that aiding and abetting is not an independent crime under 18 U.S.C. § 2; it simply abolishes the common-law distinction between principal and accessory." *United States v. Cooper*, 373 F.3d 1041, 1049 (10th Cir. 2004). "An individual may be indicted for commission of a substantive crime and convicted by proof showing him to be an aider and abettor." *United States v. Price*, No. 06-cr-0053, 2012 WL 3027844, at *8 (M.D. Pa. July 24, 2012) (quoting *United States v. Provenzano*, 334 F.2d 678, 691 (3d Cir. 1964)). In other words, it did not matter whether Petitioner was convicted as the principal or as an aider and abettor of the crime, as long as the jury found that the crime was, in fact, committed by Petitioner in either capacity. Any allegation that counsel failed to adequately defend against an aiding and abetting theory is necessarily without merit—the jury either chose not to believe Petitioner's defenses, or the aiding and abetting theory was simply irrelevant to the jury's verdict. Moreover, Petitioner proffers no evidence showing that the outcome of the trial would have been different absent the alleged ineffectiveness—the jury may very well have convicted Petitioner as the principal, and not as an aider and abettor.

8

The third, fourth, and fifth arguments—that counsel failed to attack the credibility of the informant, failed to object to the introduction of the "Lakewood Bloods" evidence, and failed to argue the disparity between cocaine and crack sentencing—are meritless for the simple reason that counsel *did* do what the motion alleges he failed to do. Counsel vigorously attacked the credibility of the informant—indeed, it was the central theme of his closing argument. As counsel argued at closing:

> This case rests entirely on the credibility of Kareem Cobb[, the informant]. They put Kareem Cobb on the stand. He has said to you I got this stuff from Stallworth, and basically that's it. Well, who is Kareem Cobb? Kareem Cobb, the supposed reliable person, all right, the government's reliable confidential source person, the criminal, the drug dealer, the person looking for benefit, the thief and the robber who stole in North Carolina. The person looking for whatever help he could get so that he didn't go to jail in Ocean County for selling his $200 worth of drugs. This is the person that they want you to rely upon.

(Tr. of Trial 22:20-22, Aug. 1, 2007, ECF No. 11-2.) Accordingly, the record does not support Petitioner's claim that counsel failed to attack the credibility of the informant.[4]

Counsel also adequately addressed the "Lakewood Bloods" evidence.[5] In fact, it was the topic of a discussion raised by counsel at a sidebar during trial. (*See* Tr. of Sidebar 10:7-14:12, Aug. 1, 2017, ECF No. 11-3.) Counsel requested a jury instruction to ignore all references to "Lakewood Bloods," which he believed would resolve any potential prejudicial effects. (*Id.* at

---

[4] Petitioner also argues that counsel failed to call exculpatory witnesses, setting forth a list of names of government officials as potential witnesses. Nothing in the motion, however, establishes that these individuals had any exculpatory testimony to provide. "[A] § 2255 movant cannot meet his burden of proving ineffective assistance of counsel based on vague and conclusory allegations[.]" *United States v. McClellan*, No. 16-2943, 2017 WL 2822315, at *1 (3d Cir. Jan. 3, 2017) (internal quotations and citation omitted).

[5] The "evidence" in question was simply the name of a folder or icon labeled "Lakewood Bloods" on a compact disc that contained audio recordings by the informant.

9

13:16-14:8.) Judge Brown accepted the request and gave the limiting instruction. (Tr. of Trial 73:5-25, Aug. 1, 2007.) "[W]e have in many cases found that 'proper limiting instructions from the court cured the possible prejudice to the defendant.'" *United States v. Wray*, 664 F. App'x 160, 163 (3d Cir. 2016) (quoting *United States v. Gaev*, 24 F.3d 473, 478 (3d Cir. 1994)). Given the facts of this case, where Petitioner's connection to a gang was never discussed at trial, and the only prejudicial information was the inadvertent inclusion of a label on a compact disc, the Court cannot find that counsel's decision to request a limiting instruction constituted ineffective assistance of counsel. Indeed, there is no reasonable doubt that Petitioner would have been convicted, even if the label was not included on the disc.

Finally, counsel did argue for a downward departure or variance based on the disparity of sentencing between cocaine and crack offenses. The government, however, countered counsel's argument by pointing out that the final recommended offense level was almost entirely due to Petitioner's career offender status, not due to the sentencing disparity. Petitioner offers no evidence here to rebut that argument. Furthermore, Judge Brown did grant a variance, lowering Petitioner's sentence from a recommended maximum of 326 months to a below-guidelines sentence of 195 months, even though he found that Petitioner's career offender status was more than justified.[6] Hence, counsel was not ineffective because he did raise the issue. Furthermore, counsel was able to obtain a significant reduction to Petitioner's sentence. Accordingly, there is no support in the record for this claim.

---

[6] Judge Brown lowered the offense level by two, the exact reduction Petitioner would have received had Judge Brown made a formal finding that Amendment 782, also known as the "drug minus two" amendment, enacted to correct the disparity between cocaine and crack offenses, applied.

10

In sum, none of Petitioner's ineffective assistance claims has any merit. Considering the claims in the aggregate, the Court also finds that counsel was not ineffective. *See Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007) ("We recognize that errors that individually do not warrant habeas relief may do so when combined."). The law does not require counsel to be perfect. Counsel was required to provide objectively reasonable representation to Petitioner, and based on the record, he did. Accordingly, relief on these grounds is denied.

## IV. CERTIFICATE OF APPEALABILITY

Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V. CONCLUSION

For the reasons set forth above, Petitioner's Consolidated Motion is DENIED and the Court denies a certificate of appealability.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: January 19th, 2018

11